UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEAN MCFARLEN,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. C11-5705-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
NOVEMBER 25, 2011

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff filed a state tort action in Thurston County Superior Court (ECF No. 1 complaint). In one paragraph he alleged that defendants had a constitutional duty to him and he cited to the Civil Rights Act 42 U.S.C. §1983 (ECF No. 1 complaint ¶5.3). Defendant removed the action to federal court based on this paragraph.

Plaintiff asked this Court to amend the complaint and delete this paragraph from his complaint, leaving only a state tort action. This Court granted that motion. Plaintiff also asks that the action be remanded back to state court (ECF No. 7).

The Court notes that removal was proper because paragraph 5.3 contained a federal claim. Dillon v. State of Miss. Military Dept., 23 F.3d 915, 918 (5th Cir. 1994). Now that this paragraph has been deleted, this Court considers whether it has jurisdiction or whether the subsequent amendment destroys jurisdiction and whether the case should be remanded to the Thurston County Superior Court. Sparta Surgical Corp. v. National Ass'n of Securities Dealers, 159 F.3d 1209, 1213 (9th Cir. 1998).

The Court has discretion whether to remand the remaining state claims or keep the case. Where an action is in its early stages, the normal practice is to dismiss or remand. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349-50 (1988). This case is in its early stages and no longer contains any federal claims. Therefore, the Court recommends remand to the Thurston County Superior Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. §

636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 25, 2011, as noted in the caption.

Dated this 3rd day of November, 2011.

J. Richard Creatura
United States Magistrate Judge